Mr. Justice MILLER.
 

 These are appeals from the District Court of the United States for the Northern District of California.
 

 The appellant, Retro Chaboya, on the 2d day of March, 1853, filed with the Board of Commissioners to settle private land claims in the State of California his petition to have confirmed' to him two leagues of land in the County of Santa Clara, bounded as follows: On the north by the lands of José de Jesus Vallejo; on the east by the rancho of Antonio Suflol and the road from San José to the Valley; on the south by the Canada
 
 *594
 
 del Aliso, (Colindante con,) Don Flagencia Higuera; and on the west by the estuary.
 

 With the petition were filed certain papers showing an application by Chaboya, in 1844, to Governor Micheltorena, for this land, and a' reference by the Governor to the Prefect for the necessary information under the colonization laws and the sub-Prefect’s report.
 

 There was also filed, as an exhibit, an incomplete espediente relating to a totally different tract of land, all the parts of which bear date in the year 1839.
 

 The Commissioners rejected the claim, saying that no grant had ever issued, no, proof was given of segregation of the land, none'of possession, and none of cultivation. The case, however, was carried into the District Court by appeal, and the appellant filed his petition in that Court, in which, referring to his former petition before the Board of Commissioners for a more particular description of the land, he prays that their decree may be reversed and his title confirmed.
 

 In the progress of the case in the District Court, it was discovered that the land on which the claimant lived, and to which alone he really set up any claim was not described in the petition, but was that mentioned in the second espediente above alluded to, and was twenty miles distant from the land for which confirmation was asked. Under these circumstances the claimant was permitted by the Court, on 15th of June, 1857, to file an amended petition, setting out these facts and a true description of the land claimed, which was called La Posa de San Juan Bautista.
 

 After a large amount of testimony had been taken in reference to this last mentioned claim, and the case had come to a hearing, the Court Held that it had never been presented to the Board' of Commissioners, and that the District Court had no jurisdiction as-to that piece of land, and that it was then too late, under the Act of 1851, to present' the claim 'anywhere.
 

 From this decree Chaboya appealed to this Court, and the record of the case up to this stage of the proceedings, constitutes case No. 131 of our docket for the present term.
 

 
 *595
 
 Bu+ while this appeal was pending, the appellant procured the passage of an Act of Congress, approved April 25, 1862, which authorized the District Court to hear and determine his claim to La Posa San Juan Bautista, in the same, manner, and with the same jurisdiction, as if it had been duly presented to the Board of Land Commissioners. Accordingly, after taking further testimony, the case again came to a hearing before that Court on the 6th of November, 1862, and a decree was rendered rejecting the claim to all of the tract of land, supposed to be about two square leagues, except five hundred acres of it, which had been allotted to him by the authorities of San Jose, and confirming to him that prach of it.
 

 From this decree he has also appealed to this Court, and the record which has been brought up, being a complete transcript of the case from its commencement, constitutes case No. 288 of the docket of this term.
 

 • The appellant does not in this Court claim that he has any right to the land described in his petition to the Board of Com missioners, as to which they decided against him; but he does insist that the last decree of the Court deprives him of a very valuable tract of land, to which he thinks himself entitled.
 

 The main fact on which he rests his claim in this case is his long continued possession of the land. There is no pretence that there was ever any grant of the land by the Mexican Government, and if the claim is to be confirmed, it must be upon - the equity growing out of that possession, and the circumstances connected with it. It is established by the testimony in the record, that Chaboya was residing in a house of very insignificant proportions, on some part of the tract, as early as the year 1837, and has continued so to reside to the present time. . Bqf, it also appears, that his right to reside there, and especially his' right to any exclusive possession or use of tract known as I a Posa de San Juan Bautista, was matter of controversy from that early time between himself and the residents of the pueblo of San Jose. These villagers claimed that the tract so. named, was a part of the ejidos or common lands of the pueblo, on which the cattle of all the pobladores or villagers had a right to range,
 
 *596
 
 and was particularly .necessary to them on account of the water which it afforded. In his petition to the Governor asking a grant of this land, Chaboya alludes to his possession and to the resistance made to it by the residents of the pueblo, in these words:
 

 "Therefore, I pray you to be pleased to grant me the ownership of what I actually possess, with my house and cattle, with the permission of ‘the prefecture of this District, showing your. Excellency that the reclamations which the residents of the pueblo have addressed against me to that Goverment are absolutely destitute of justice, since it is only made by four or five bad entertaining citizens, carrying of the view of the pueblo, since in nowise I prejudice their interests, and it happening to be vacant land, conformable to the law of colonization.”
 

 This petition was dated May, 10, 1839, and the Governor having regard to this same matter of disputed possession, made the following order, which was endorsed on the margin of the petition:
 

 "Monterey,. May 20th,
 
 1839.
 

 “Let the prefecture report on the present solicitation, arranging from hence that the interested party may be. conserved im the possession in which he finds himself of the land solicited, as long as t-he suitable procedure is going on.
 

 (Signed) “Alvarado.”
 

 On the 25th May the Prefect reported as follows:
 

 “SlR: — The petitioner ought to be excused from the usual procedure, since the prefecture in my charge has already taken and perhaps despatched it conformable to his solicitation, since the reclamation which the residents of the pueblo of the vicinity have made, and of which I verbally have informed you, have no other design than to remove Sir Ohabolla from the place-he has occupied for many years, on account of antipathy of previous arrangement, which absolutely are destitute of justice.
 

 “Notwithstanding, your Excellency will act in the premises as you shall believe convenient.
 

 “San Juan de Castro, 25th of May, 1889.
 

 “José Castro ”
 

 
 *597
 
 The foregoing papers were filed with the petition of claimant before the Board of Commissioners, and were all the documentary evidence so filed by him in relation to this tract of land. But in the progress of the case in the District Court, another paper was produced, and as it relates to this same matter of the possession and seems to have a close connection 'with those just mentioned, it may as well be inserted here. It'is as follows:
 

 “The citizen, Dolores Pacheco, justice of the peace of the pueblo of San Jose Gaudalupe de Alvarado.
 

 “ By superior order of the Señor Prefect of the First District, it is conceded to the citizen Pedro Chabolla that he inhabit the place named Posa de San Juan Bautista without building any house of foundation, and much less plant trees (plantar bienes raises) for the term of two years, subjecting himself to pay $6 annually, and he must assist in- the work on bridge or any others by which he may be benefited.
 

 “San José Gaudalupe de< Alvarado, February 29th, 1840
 

 “Dolores Pacheco,
 

 “Pedro Chabolla.”
 

 Notwithstanding the report of the prefect Castro, that the claimant ought to be excused from the usual procedure, by which we suppose he meant the procuring of an informe, that the land was vacant, the Governor did not‘issue a grant.
 

 His claim or right to the possession stood then in the same condition of .dispute as between himself and the pobladores of San José that it had • previously, when on the 29th of February, 1840, he entered into what may be termed a compromise with them, ’ which is evidenced by the foregoing paper, signed by himself and the Justice of the Peace of that pueblo.
 

 We can give to this paper no other construction than a renunciation by Chaboya of any
 
 right
 
 to the possession of La Posa de San Juan Bautista, and a consent to occupy it for two years under .the authorities of the pueblo, paying them $6 annual rent, and submitting to the terms which they chose to impose, to prevent. him from acquiring any permanent possession or interest in the land.
 

 There is nothing-in the subsequent history of his'occupation
 
 *598
 
 of the place to change the character of his possession. It is proven that while his cattle ranged over it, those of the resident's of the village generally did the' same.
 
 "
 

 On the contrary, there
 
 is
 
 strong evidence that this was his own construction of the character of his possession.
 

 After the country came under the American Government, the authorities of San José determined to divide the ejidos or common lands of the pueblo, including this tract, among its residents, and in doing so allotted to Ghaboya, as his share, five hundred acres around his dwelling. He accepted the instrument in the nature of a deed made to him by the Alcalde, and had it recorded. He was shortly after taxed by the authorities of San José for the entire tract of La Posa de San Juan Bautista, and il ■ is distinctly proved by two witnesses, that he appeared before the proper officers to have the tax remitted, stating that he only claimed the five hundred acres allotted to him in the partition. The tax was accordingly remitted.
 

 We think these facts show very clearly that the appellant never had any legal title to the land in question; that he never had any exclusive possession, beyond the five hundred acres which was allotted to him by the authorities of San José, and confirmed by the decree of the District Court; and that such possession as he did have was subsidiary to the claim of the authorities of the pueblo, and with recognition of their rights, and that the decree should be affirmed.
 

 The decree of the District Court is affirmed in both appeals.