## CHABOYA *v.* UMBARGER.

A claim under a Mexican grant was, in 1862, confirmed by this court to A. to the extent of five hundred acres of land. The title thereto was afterwards transferred to B., who brought ejectment therefor against A. The latter offered in evidence a duly certified copy of a decree of the District Court, rendered in pursuance of a mandate of this court of the 13th of June, 1866, confirming the title of the city of San José, as a successor of the Mexican pueblo of that name, to certain lands or commons belonging to the pueblo, the out-boundaries of which included the demanded premises; but the decree excepted from the confirmation all parcels vested in private proprietorship, under grants from lawful authority, which the tribunals of the United States had finally confirmed to parties claiming under such grants. *Held,* that the offered evidence was properly excluded.

ERROR to the Supreme Court of the State of California.
The facts are stated in the opinion of the court.

*Mr. S. O..Houghton* for the plaintiff in error.
*Mr. William Matthews, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

Pedro Chaboya obtained in this court, at its December Term, 1862, the confirmation of his title to five hundred acres of land under claim of a grant of the Mexican government. 2 Black, 593. The proceeding was commenced before the board of land commissioners under the act of 1851, and they decided against him. On appeal to the District Court, it was found that the land was misdescribed in his petition to the board; and that court held that it had no jurisdiction on appeal to confirm any other land than that mentioned in the petition. An act of Congress, passed to remedy this defect, authorized the District Court to hear and decide his claim to the land known as La Posa San Juan Bautista. 12 Stat. 902.

This claim was for about two leagues. The District Court confirmed his claim to five hundred acres, part of the tract known as La Posa de San Juan Bautista, and rejected the remainder of it. On cross-appeals, by the United States and by Chaboya, the decree of the District Court was affirmed.

Chaboya having parted with the title thus confirmed to him, but retaining possession of the property, the present defendants in error, in whom that title had become vested, instituted a suit

against him and others in the proper State court of California
to obtain possession of the land.

In this action they were successful; and Chaboya and his co-
defendants having carried the case to the Supreme Court of
California without success, have brought it here by writ of
error to that court.

The title relied on by Chaboya as a defence to the action
was a decree of the District Court of the United States for
the Western District of California, rendered in pursuance of
a mandate of this court on the thirteenth day of June, 1866.
The rejection of a properly certified copy of this decree by the
court when offered in evidence by plaintiffs in error is one, if
not the only, error to be considered here.

The case in which that decree was rendered originated in
a petition of the mayor and council of the city of San José to
the board of commissioners already mentioned, for the confir-
mation of the title of said city as the successor to the Mexican
pueblo of that name, to certain lands or commons belonging to
the pueblo.   The out-boundary of this decree, as finally settled
by the Supreme Court, included the land now in controversy,
which was then, as it had been for a long time before, in the
possession of Chaboya and his family.

That decree, however, excepted from this confirmation cer-
tain specified ranchos, " and also such other parcels of land as
have been, by grants from lawful authority, vested in ‘private
proprietorship, and have been finally confirmed to parties
claiming under said grants by the tribunals of the United
States, or shall hereafter be finally confirmed to parties claim-
ing thereunder by said tribunals, in proceedings now pending
therein for that purpose; all of which said excepted parcels of
land are included in whole or in part within the boundaries
above mentioned, but are excluded from the confirmation to
the mayor and common council of the city of San José."

As Pedro Chaboya had set up a grant from the Mexican
authorities of this five hundred acres, and as it had been con-
firmed to him by the Supreme Court of the United States, the
highest tribunal to whom such questions could be submitted,
it would seem that it was excluded from the confirmation of
the pueblo title, and that the court was right in rejecting the

decree as evidence of title to that land. On the face of the matter, as thus stated, the court was clearly right.

But it is said in opposition to this view of the matter, that the District Court, when it confirmed the title of Chaboya, was acting upon a matter wholly beyond its jurisdiction; that its decree was therefore void; and that grants not vested in private proprietorship by lawful authority, and not confirmed by tribunals authorized to do so, are not among those excluded from confirmation by the decree in the San José case.

It would be a very strained construction of the words used in that decree to hold that, when it excludes from its operations private land-claims confirmed by the tribunals of the United States, it was intended to leave open in each of said cases an inquiry into all the circumstances which authorized the act of confirmation. The word "tribunals" was evidently selected with reference to several bodies which had authority to make such confirmation. The Congress of the United States, the Supreme Court, the District Court, and the board of land commissioners had each authority to confirm titles originating under the Mexican government. The purpose of the excepting clause in the decree was not to give any additional validity to these confirmations, nor to determine whether they had been rightfully made, but to prevent any conflict between the decree the court was then rendering and that of any other lawful tribunal which had acted on the same subject. It was as much the intention to prevent a conflict of jurisdiction as a conflict on the merits. It was intended to say, that as to any parcel of land which had been confirmed to private parties by one of these tribunals, we leave it where we find it. We make it neither better nor worse. If the confirmation gives a good title, we cannot impair it. If it gives no title, the rival claimants must be left to their rights without embarrassment by the present decree. That this was the meaning of the court is evident from the exclusion of land to which claims shall hereafter be confirmed by those tribunals.

Whether, therefore, the case of Chaboya was strictly within the power conferred on the District Court or not when it rendered its decree may be a matter of inquiry when that decree is produced as a source of title, but is not material in ascer-

taining whether the land embraced in it was excluded from the decree of the same court in the San José case.   That court having confirmed this five hundred acre tract to Chaboya, would very naturally exclude it, with other confirmed claims, from the operation of the decree rendered four years later.

But whether this be so or not, it is said that, Chaboya being in possession, the plaintiff must recover on the strength of his own title, and that as he bases that title solely on the decree of 1862, in favor of Chaboya, it is pertinent to inquire into the jurisdiction of the court which rendered that decree.   As plaintiffs in error claim nothing under that decree, we are not prepared to admit that they can bring the case to this court on that question.

But we may as well say that we are of opinion that it comes within the case of *Lynch et al.* v. *Bernal et al.*, 9 Wall. 315. That was a case construing a decree confirming the title of the city of San Francisco to pueblo lands, with precisely the same excepting clause.   And the same point was there presented, that the lot in question, being a pueblo lot, was not within the jurisdiction of the board of commissioners who had confirmed the title to a private party.   But the court said that if the person whose claim was confirmed asserted a claim adverse to that of the pueblo, it was within the jurisdiction.

In the case before us, Chaboya asserted a claim to a ranch of over two leagues in extent, called and known in all the proceedings as La Posa de San Juan Bautista.   His claim was confirmed as to five hundred acres of it.   It was surely within the jurisdiction of that court to determine not only the extent of that claim, but also whether it was a part of the ranch or of the pueblo lands, and whether it was a private claim, or held in subordination to the pueblo of San José.

The same court — the District Court — had jurisdiction of both classes of petitions on appeal.   It could adjudicate the right of Chaboya on his petition, but on that petition it must not grant him a confirmation of a pueblo lot, unless he held adversely to the pueblo.   It could confirm the claim of the pueblo lots on petition of the pueblo or its successor, the city.   But it had the right to exclude from its confirmation lots or parcels of land already sold, confirmed, or adjudicated to others.   Taking these

two decrees together, we can entertain no doubt that it had jurisdiction to confirm the title of the five hundred acres to Chaboya on his petition, and did so; and that it had the right to exclude it from the confirmation to the city, and did so.

We make no special reference to the act of April 25, 1862, under which the District Court heard Chaboya's claim; for, except the use of the phrase " La Posa de San Juan Bautista," as descriptive of the ranch in question, the court was to be governed by the same rule as if a proper petition had been filed before the board of land commissioners.

We see no error in the questions of Federal cognizance brought before us, and the judgment of the Supreme Court of California is

*Affirmed.*